## HOMAOKLA OIL CO. v. M. K. TANK CO.

No. 16202—Opinion Filed Feb. 16, 1926.

Rehearing Denied June 22, 1926.

**Judgment—Grounds for Vacation—Unauthorized Answer by Attorney.**

In order to vacate a judgment or final order of the court on the ground that a certain judgment or order was rendered upon the unauthorized answer of an attorney employed to represent the complaining party, it must be shown that the answer filed was prejudicial to his rights and the judgment or final order was in whole or in part based upon such answer.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3

Error from District Court, Grady County; M. W. Pugh, Judge.

Petition by Homaokla Oil Company, a corporation, garnishee, against M. K. Tank Company, a corporation, to vacate an order sustaining garnishment. Judgment for the M. K. Tank Company refusing to set aside said order, and garnishee appeals. Affirmed.

Pearson & Pearson, for plaintiff in error.

Welborne & Cavaness, for defendant in error.

Opinion by THREADGILL, C. It appears from the record that on September 6, 1924, plaintiff in error filed its petition to vacate a judgment or order rendered against it as garnishee on April 16, 1924. The case in which said judgment was rendered was the M. K. Tank Company, a Corporation, Plaintiff, v. Chas. J. Hagerling and W. J. Dean, Defendants, the Carter Oil Company and Homaokla Oil Company, Garnishee, and J. B. Rolater, as Interpleader, No. 7992, in the district court. The motion or petition was filed in this same cause and under the same number. The judgment rendered on April 16, 1924, was in favor of the M. K. Tank Company and against Chas. J. Hagerling for the sum of $510.60 with 10 per cent. interest per annum from October 25, 1923, until paid and sustained the garnishment against the Homaokla Oil Company for the amount of the judgment and ordered the garnishee to pay to the plaintiff said amount.

The plaintiff, Homaokla Oil Company, contends, in its petition, that this judgment against it should be vacated "by reason of

mistake, negligence, or omission of the clerk and irregularities in obtaining said judgment or order," and the issues joined on the following particulars: First, the order was contrary to the agreement on the part of the attorneys representing the parties, to the effect that the order should be entered against the garnishee only in case it was adjudged by the Supreme Court in the case on appeal No. 15850, that the Homaokla Oil Company was indebted to Chas. J. Hagerling. It appears that these cases were similar and were consolidated for trial in the district court, but a consolidated judgment was not entered which included this case out of which this appeal grows. Second, that said judgment was rendered before the garnishee's motion to quash service was passed on by the court and before answer was filed by said garnishee. Third, that said judgment was rendered without any proof of indebtedness. Fourth, that said garnishee had no notice of the judgment entered against it until payment was demanded sometime after April 16, 1924, and it is without fault in the delay.

Plaintiff alleged it had a good defense, and attaches an answer to the petition denying indebtedness, also attached a copy of the contract out of which the controversy arose and a copy of the judgment complained of. The cause was tried to the court November 26, 1924, and according to the following stipulation:

"It is agreed by and between the plaintiff above named and the garnishee above named that the affidavits of D. M. Cavaness, R. F. Baird and Jno. E. Dickson, filed herein on this date, shall be received by the court and considered herein as the evidence of the parties hereto upon the hearing of the motion of the garnishee to vacate judgment as filed and pending herein, the said affidavits of R. F. Baird and Jno. E. Dickson being the evidence of the garnishee and the affidavit of D. M. Cavaness being the evidence of the plaintiff, excepting the minutes of the court clerk, the journal entry of the judgment sought to be vacated, and the other records and pleadings in said original cause and shall be considered as such in the event of an appeal being taken herein."

The affidavits referred to appear in the record in the inverse order from the manner they are mentioned in the stipulation.

Jno. E. Dickson states in substance that he is vice president and general manager of the Homaokla Oil Company; that said company is a corporation organized under the laws of Delaware and has a permit to operate in Oklahoma; that the company, acting through him, made a contract with Chas. J. Hagerling et al., about April 9, 1923, to drill an oil and gas well on a certain lease in Grady county, and out of this contract the M. K. Tank Company's claim arose; that he employed the firm of Pearson & Baird as attorneys to represent the garnishee in the action brought by the M. K. Tank Company; that the said attorneys were not employed as general counsel, but as special counsel for the particular case; that the said attorneys were not authorized to answer in said cause of action acknowledging indebtedness to the defendants, Hagerling et al., and they had no authority to confess judgment for the company. Affiant further states that the court record showing such a confession is erroneous.

The affidavit of Baird states in substance that he is a member of the firm of Pearson & Baird of Oklahoma City, and was employed by the Homaokla Oil Company to represent it in its defense as garnishee in the above action; that he was present when the case of Parsons v. Hagerling et al., was tried; that this was one of the consolidated cases; that he represented the garnishee in the trial, and when the court gave judgment against the defendant, Hagerling, and the garnishee, Homaokla Oil Company, he excepted and gave notice of appeal, and, at the time, it was agreed between counsel for M. K. Tank Company and him for Homaokla Oil Company that the evidence in the Parsons case, consolidated, just tried, No. 8005, might be used so far as applicable; that it was further agreed that the motion to quash service, which had never been passed on, should be waived and the garnishee would answer and the court should consider the answer as filed, and it was further understood that the holding of the court in the case just passed on should be the holding of the court in the case subject to final determination of the Parsons case, consolidated on appeal.

The affidavit of Cavaness in substance states that he is a member of the firm of Welborne & Cavaness, attorneys for the tank company; that the action was filed October 25, 1923, and on November 8, 1923, the attorneys for the garnishee, Homaokla Oil Company, filed their motion to quash the service on behalf of the garnishee; that said cause was set for trial April 9, 1924; that the attorneys for the garnishee wrote his firm, suggesting a consolidation of the cases involving their client as garnishee, and this was agreed upon by letters, and the court set the cases for April 16, 1924, and the attorneys for the garnishee agreed with the attorneys for the plaintiff on the day the cases were called for trial to withdraw motion to quash the service and that they would an-

swer instanter, and they further stated that if the Homaokla Oil Company did not have to pay the amount sued for in the other case, tried on said date, that it would be indebted to the said Hagerling in a sum sufficient to more than pay the judgment sued for in said cause by the M. K. Tank Company; and they further stated that they did not want to attend court in Chickasha again for the case, and the trial should not be delayed for lack of answer on file and the trial could proceed; that they wanted the case disposed of at that time, and they further stated, in open court, that they had no witness or evidence to offer, and, thereupon, affiant dictated to the clerk of the court, and, in open court, in the presence of said attorney, Baird, the clerk's minutes in said cause, to the effect that the motion to quash filed by the Homaokla Oil Company was withdrawn, and that said garnishee answered instanter, as of that date, and that judgment be rendered against the said Chas. J. Hagerling for the amount sued for, in said cause, with interest, and that the garnishment be sustained as per journal entry to be filed; that he cannot be sure that said Baird heard the dictation, but he was present in court when it was done; that the journal entry was prepared accordingly and signed by the judge. The letters referred to and the journal entry are attached to the affidavit. Affiant states that said attorneys never said anything more to his firm about the case; never filed an answer as it was agreed, took no exceptions, and gave no notice of appeal. Affiant states they heard nothing more from the attorneys till payment was demanded by letter of the said garnishee about August 23. 1924. These letters were attached to the affidavit. The minutes of the court clerk referred to are as follows:

"Minutes of District Court, April 16, 1924.

"7992 M. K. Tank Co. vs. Chas. J. Hagerling. Answer of garnishee Homaokla considered filed as of this date and judgment for $510.60 against C. J. Hagerling, 10% from Oct. 25, 1923, Garnishment sustained as per journal entry."

After hearing the evidence, the court found:

"That heretofore, to wit, on April 16, 1924, judgment was entered in said cause of action in favor of the plaintiff, M. K. Tank Company, and against the defendants, Charles J. Hagerling and W. J. Dean, for the sum of $510.60 with interest thereon, and that further judgment was rendered upon said day and date in favor of the M. K. Tank Company and against the Homaokla Oil Company, garnishee, for the amount claimed to be due and owing the said M.

K. Tank Company, and that the said cause of action on the day and date of the rendition of the judgment was duly and regularly assigned for trial and was at issue and the court had jurisdiction of the subject-matter of said action and that said judgment was duly and regularly entered."

Thereupon the court rendered judgment denying the petition to vacate the order, holding the garnishee liable, and the plaintiff, Homaokla Oil Company, brings the case here for review.

Plaintiff in error states several assignments of error, but it bases its contention for reversal upon only one proposition, to the effect that an attorney at law is without authority to compromise his client's cause by confessing judgment or admitting liability without being specifically authorized so to do, and where an attorney has made such a compromise and the same is denied or drawn into issue, the burden is upon the party asserting the compromise to prove the authority for it.

Under the facts as disclosed by the record, we are unable to see how this proposition is decisive of this appeal.

Plaintiff in error contends that its attorneys did not compromise the case, did not confess liability, and did not consent to judgment. It is admitted that the attorneys agreed to a conditional judgment. Of course this is denied by the attorneys for the M. K. Tank Company, but why discuss whether or not the attorneys had authority to confess judgment when they say they did not do it? And when they do not show that the judgment was rendered upon such confession, and the judgment itself does not show it was so rendered? It might be a safe guess to say the court considered an answer filed by the garnishee denying liability, and it was understood that the court should render judgment upon the evidence heard in the consolidated cases, and the court concluded from such evidence that the garnishee was indebted to Chas. J. Hagerling, and made the order accordingly, and if this was the way it was done, still we can not see where any question of confessing judgment would be in the case. However, there is no showing that the judgment was rendered by confession of the garnishee, and this question is not in the case. It is not denied that they offered by letter to plaintiff's attorneys to waive the motion to quash service, and that they did waive it, nor is it denied that they had this much authority, nor is it denied that they announced, in open court, that they would file an answer as of that day for the garnishee, nor is it contended that they ever

complied with this announcement.. It is contended that it should be considered that the answer the attorneys intended to file and had in mind to file when they made the announcement, was the same as filed in the other cases, but the district court being the court of record, we cannot see how it can be expected that the Supreme Court will take it for granted that the answer intended was to be the same as the answer in the other cases. This court cannot presume that anything was intended that was not expressed and made of record. We know that the trial court in passing on the motion, or petition, to set aside the judgment, found that the judgment against the defendants and the order against the garnishee were rendered on April 16, 1924; that the court had jurisdiction and the judgment and order were regularly entered; and the decisive questions of the appeal are whether or not the order complained of was rendered, whether or not the court had jurisdiction to render it, and whether or not it was regularly entered. The first question is settled by the journal entry itself, which shows upon its face that the court rendered it and signed it and it was filed and recorded as the judgment in the case.

As to the second question, it cannot be disputed that, after the motion to quash the writ of garnishment was withdrawn by the attorneys representing the garnishee, the court had jurisdiction of the garnishee and of the subject-matter in controversy, and whether the court proceeded on the theory that an answer was filed denying liability or on the theory that the garnishee was in default of an answer, it makes no difference as to the jurisdiction. If the answer was considered as filed and parties offered no evidence other than the evidence offered in the trial of the preceding case, and the court proceeded on the theory that that evidence proved the garnishee liable and rendered judgment accordingly, then to have that judgment set aside for lack of proof it would be necessary to show the court that the evidence was not sufficient to support the judgment, and to have that question reviewed by this court it would be necessary to bring that evidence here and point out to this court the failure of proof. Otherwise this court must indulge the presumption that there was no error in this respect.

As to the third question, as to whether or not the judgment rendered was regularly entered, we do not think there is any error in this respect.

We are, therefore, of the opinion that the judgment of the trial court should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 34 C. J. p. 274 § 494 (Anno); anno. 21 L. R. A. 854; 15 R. C. L. p. 713; 3 R. C. L. Supp. p. 489.